UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**'05 CIV. 10714**

-------------------------------------------------------x

SHAWNTE HOLT,

                Plaintiff,

    - against -

PERFORMANCE REHABILITATION,

                Defendant.

-------------------------------------------------------x

Docket No.:

**BRIEANT**

**ECF CASE**

**COMPLAINT**

**PLAINTIFF DEMANDS
A JURY TRIAL**

Plaintiff, SHAWNTE HOLT, by his attorneys, GOODSTEIN & WEST, complaining of the Defendant, allege as follows:

    1.    This is an action to remedy the failure of Defendant to properly pay Plaintiff overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 *et seq.* Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce. Additionally, under the principle of pendent jurisdiction, Plaintiff claims failure of Defendant to pay wages due and owing, pursuant to the New York State Labor Law §190 *et seq.*, and §652(1); and for failure to pay Plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR §142-2.2.

### PARTIES

    2.    Plaintiff, SHAWNTE HOLT, (hereinafter "HOLT") is a resident of the County of the Westchester, City of Yonkers and State of New York.

    3.    Defendant PERFORMANCE REHABILITATION (hereinafter "PERFORMANCE"),

on information and belief is a New York corporation with offices located at 955 Yonkers Avenue, Yonkers, New York 10704. Defendant is an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the New York State Labor Law (Labor Law §§190 *et seq.*).

### FACTS

4.      Plaintiff was hired by Defendant in March 2001 as an Authorization Insurance Manager. Plaintiff was employed by Defendant until terminated on November 12, 2005.

5.      Plaintiff held an hourly paid non-exempt position. His salary was $17.00 per hour.

6.      Plaintiff was always required to work five (5) days a week, averaging from 9:00 a.m. to 8:00 p.m. Monday, Wednesday and Friday; and 7:30 a.m. to 2:30 p.m. on Tuesday and Thursday. Thus Plaintiff worked 47 hours per week.

7.      Defendant failed or refused to allow Plaintiff to take lunch breaks.

### AS AND FOR A FIRST CAUSE OF ACTION

8.      Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

9.      Although Plaintiff worked overtime during the period March 20, 2001 through November 12, 2005 he did not receive overtime compensation for this period.

10.      Plaintiff earned between Twelve ($12.00) and Seventeen ($17.00) Dollars per hour during the time he was employed by Defendant.

11.      Plaintiff received straight time as compensation for the hours he worked over forty (40) per week.

12.      Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation

of the Fair Labor Standards Act, although he worked more than forty (40) hours per week.

13.   Defendant's failure to pay Plaintiff wages and overtime at the rate of time-and-a-half was willful.

## AS AND FOR A SECOND CAUSE OF ACTION
## PENDENT CAUSE OF ACTION

14.   From March 20, 2001 through November 12, 2005, Plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2;

15.   From March 20, 2001 through November 12, 2005, Plaintiff was denied wage compensation for hours worked, in violation of Labor Law §190 *et seq.*, and §652(1). This violation was willful.

**WHEREFORE**, Plaintiff requests this Court enter an Order in favor of Plaintiff and against Defendant:

**On The Fair Labor Standards Act Causes of Action**

(a)   Declaring  Defendant violated the Fair Labor Standards Act (29 Code USC §201 *et seq.*) for the period between  March 20, 2001 through and including November 12, 2005;

(b)   Declaring Defendant's violation of the Fair Labor Standards Act was willful;

(c)   Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

(d)   Granting Plaintiff time-and-a-half for each and every hour worked overtime during these periods;

-3-

(e)    Granting Plaintiff an equal amount in liquidated damages for the period dating three (3) years before the filing of this Complaint; and

(f)    Awarding Plaintiff his costs and reasonable attorneys' fees, together with such other and further relief as to the Court seems just and proper.

## On the New York State Labor Law Cause of Action

(g)    Declaring Defendant violated the New York State Labor Law and 12 NYCRR §142-2.2;

(h)    Declaring that Defendant's violation of the New York State Labor Law and 12 NYCRR §142-2.2 was willful;

(i)    Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

(j)    Awarding Plaintiff for the period March 20, 2001 through November 12, 2005, a payment for overtime at the rate of time-and-a-half for working over forty (40) hours per week during the period;

(k)    Finding that Defendant's refusal to pay Plaintiff the required correct wages was willful, and awarding Plaintiff an additional amount as liquidated damages equal to twenty five (25%) percent of the total amount of wages found to be due; and

(l)    Awarding Plaintiff reasonable attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact

raised by this Complaint.


Dated: New Rochelle, New York
       December 7, 2005


                              Yours, etc.,

                              **GOODSTEIN & WEST**

                              By: _____
                                 **ROBERT DAVID GOODSTEIN (RDG 5443)**
                                 *Attorneys for Plaintiff*
                                 56 Harrison Street, Suite 401
                                 New Rochelle, New York 10801
                                 (914) 632-8382